UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------X

TERRANCE JACKMAN,

                Plaintiff,

       -against-

ELI DAVIDOVITS et al.,

                Defendants.

-------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
20-CV-4001 (DJ) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

*Pro se* Plaintiff Terrance Jackman commenced this action against Defendants on August 24, 2020 (ECF No. 1), and summons were issued on October 9, 2020 (ECF No. 6). The Federal Rules of Civil Procedure provide that:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Under Rule 4(m), Plaintiff was required to serve defendants with the complaint and summons by November 23, 2020. To date, despite several reminders, warnings, and extensions of the time for service, the Court's record indicates that Plaintiff has failed to serve Defendants. Accordingly, it is respectfully recommended that Plaintiff's action be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

By way of background, on October 20, 2020, the Honorable Ramon E. Reyes, Jr., U.S. Magistrate Judge, entered an order advising Plaintiff that Rule 4(m) of the Federal

Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice[.]" (Oct. 20, 2020 Order, ECF No. 8, at 1.) In addition, Judge Reyes's October 20, 2020 Order stated: "If service is not made upon the defendants by November 23, 2020, or plaintiff fails to show good cause why such service has not been effected, it will be recommended that the Court dismiss this action without prejudice." (*Id.*)

Thereafter, on December 23, 2020, Judge Reyes again directed Plaintiff to file proof of service, extending the time to do so until January 8, 2021. (Dec. 23, 2020 ECF Order.) No proof of service was filed. On February 6, 2021, Judge Reyes issued an Order to Show Cause directing Plaintiff to show cause, in writing, why this case should not be dismissed for failure to serve Defendants within ninety days of filing the complaint, and directing Plaintiff to respond to the Order to Show Cause by March 5, 2021. (Feb. 6, 2021 ECF Order.) On March 3, 2021, Plaintiff filed a motion for an extension of time to serve Defendants, which was granted by Judge Reyes on March 10, 2021. (*See* Pl.'s Mot., ECF No. 9; Mar. 10, 2021 ECF Order.) In his March 10, 2021 Order, Judge Reyes directed Plaintiff to file proof of service on or before April 26, 2021. (Mar. 10, 2021 ECF Order.) Plaintiff failed to file proof of service by April 26, 2021.

On June 4, 2021, the case was reassigned to Magistrate Judge Taryn A. Merkl. On June 30, 2021, Judge Merkl issued an Order noting that proof of service had still not been filed and directing Plaintiff to file proof of service by July 30, 2021. (June 30, 2020 Order, ECF No. 10.) The Court's June 30, 2021 Order also informed Plaintiff that if he did not file proof of service by July 30, 2021, the Court would recommend that the case be dismissed without prejudice for failure to prosecute. (*Id.*) Plaintiff failed to file proof of service by July 30, 2021.

On October 7, 2021, the Court issued a Final Order to Show Cause directing Plaintiff to file proof of service or a status report by October 28, 2021. (Oct. 7, 2021 ECF Order.) The Final Order to Show Cause also informed Plaintiff that the Court would recommend that the case be dismissed without prejudice for failure to prosecute if Plaintiff did not file proof of service by October 28, 2021. (*Id.*) Plaintiff failed to file proof of service or a status report by October 28, 2021.

For the foregoing reasons, it is respectfully recommended that this case be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

\* \* \* \* \*

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

**SO ORDERED.**

Dated: Brooklyn, New York
November 1, 2021

*Taryn A. Merkl*
_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE