UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Terrance Jackman,

                    Plaintiff,

   -against-

Eli Davidovits, *in his official capacity as Managing Member of 1943 Associates LLC*; 1943 Associates LLC; Chancy Blumenfruct, *in his official capacity as President of 1943 Associates, Inc.*; 1943 Associates Inc.; Casey Schear, *in his official capacity as Member of HBC Development 1234 LLC*; HBC Development 1234 LLC; Robert J. Musso; Steven L. Einig; Allan B. Mendelsohn; Frank L. Perrone, Jr., *in his official capacity as Referee*; David Bruce Vaughn; Carla E. Craig; and Josh Kohnfelder, *in his official capacity as Manager of 943 EP LLC, and 1943 EP LLC*,

                    Defendants.*
------------------------------------------------------------X

**MEMORANDUM & ORDER**
20-CV-04001 (DG) (TAM)

DIANE GUJARATI, United States District Judge:

      On August 24, 2020, *pro se* Plaintiff Terrance Jackman commenced this action against the thirteen above-named Defendants, bringing a variety of claims in connection with the alleged foreclosure on a particular property. *See generally* Complaint, ECF No. 1.

      Under Federal Rule of Civil Procedure 4(m), Plaintiff was required to serve Defendants with the Complaint, ECF No. 1, and Summons, ECF No. 6, by November 23, 2020. *See* October 20, 2020 Order, ECF No. 8. As reflected by the docket in this action, despite multiple reminders, warnings, and extensions of the time for service, Plaintiff has failed to serve Defendants.

      On November 1, 2021, Magistrate Judge Taryn A. Merkl *sua sponte* issued a Report and Recommendation ("R&R"), recommending that this action be dismissed without prejudice

---

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  *See* R&R, ECF No. 11.  No objection to the R&R has been filed, and the time for doing so has passed.  *See id*. at 3.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  To accept those portions of an R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quotation marks omitted).  Clear error will be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks omitted).

I have reviewed Judge Merkl's R&R, and, having found no clear error, adopt the R&R in its entirety.

Therefore, Plaintiff's action is dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to enter judgment accordingly, close this case, and mail a copy of this Order to Plaintiff.

Plaintiff is directed to serve a copy of this Order on Defendants and to provide proof of service to the Court by December 29, 2021.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: November 29, 2021
    Brooklyn, New York